UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00366

**Marcus Haynes,**
*Petitioner,*

v.

**Director, TDCJ-CID,**
*Respondent.*

# ORDER

This habeas corpus action was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b). Doc. 2. On September 3, 2024, the magistrate judge issued a report recommending that the court deny relief, dismiss the petition with prejudice, and deny a certificate of appealability sua sponte. Doc. 27. Petitioner filed a "response," which the court construes to be written objections. Doc. 29.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The basis for the recommended dismissal of this action is that petitioner's allegedly wrongful prison disciplinary conviction does not demonstrate the deprivation of any constitutionally protected right because he is ineligible for release on mandatory supervision. Doc. 27 at 2–5. The magistrate judge also recommended that the court caution petitioner that any further false statements to the court, such as his false assertion in this case that he is eligible for release on mandatory supervision, could subject him to sanctions. *Id.* at 6–7.

Petitioner's objection reiterates his claim that he is innocent of the offense for which he was disciplined and argues that the "genuine issue of this case" is his innocence rather than the severity of his punishment. Doc. 29 at 1. He asserts that "[t]he 'mandatory supervision' misunderstanding was so minute, it was deemed not worthy of mentioning." *Id.* But for the reasons

explained by the magistrate judge, that issue is dispositive of this case, regardless of petitioner's guilt or innocence of the disciplinary infraction. *See* Doc. 27 at 4–5. Additionally, petitioner's generalized fear of harm for "steal[ing] a cell phone" is not sufficient to show a constitutional violation. Doc. 29 at 2; *see Whitaker v. Kempt*, No. 6:19-cv-00349, 2021 WL 2388978, at *12 (E.D. Tex. May 20, 2021), *report and recommendation adopted*, 2021 WL 2376364 (E.D. Tex. June 10, 2021). Petitioner's objections do little to challenge the magistrate judge's conclusion that he did not identify "a constitutional or other federal violation" that would make him eligible for habeas relief. Doc. 27 at 5.

Having reviewed the objected-to portions of the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules petitioner's objections and accepts the report's findings and recommendation. Petitioner's case is dismissed with prejudice. Petitioner is denied a certificate of appealability sua sponte. Any pending motions are denied as moot.

Further, petitioner is cautioned that any false statements in his submissions to the court in this or any future lawsuits may result in the imposition of sanctions sufficient to deter such conduct.

*So ordered by the court on April 24, 2025.*

J. CAMPBELL BARKER
United States District Judge